RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE __4__/__5__/__12__

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| JAMES BROWN (#112958) | CIVIL ACTION NO.  1:11-CV-2180 |
| VERSUS | JUDGE DRELL |
| TIMOTHY WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff James Brown, filed in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff claims that he was sanctioned without due process and subjected him to mental anguish and emotional distress. He names as defendants former Warden Tim Wilkinson, Unit Manager Kevin Jordan, and WNC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on June 26, 2011, a visitor at WNC reported to Kevin Jordan that she did not receive her change from the soda machine. [Doc. #1, p.4] Jordan investigated and saw that a piece of cloth was inside the machine preventing the coins from falling into the coin return slot. Eventually, Jordan was able to pull the cloth out of the machine.

Chief of Security Tommy Glover conducted an investigation and

determined that the soda machine would have to be open in order for someone to place a cloth in the machine. Only one person had a key to the machine. Jordan "was not satisfied" with Glover's report. The next day, Jordan told Warden Wilkinson that Plaintiff and another inmate had placed the cloth inside of the vending machine because they worked in the building as orderlies. [Doc. #1, p.4]

Warden Wilkinson authorized that Plaintiff be moved from the honor dorm to a regular dorm. [Doc. #1, p.4] This resulted in Plaintiff having to change jobs, as well. Plaintiff did not receive a disciplinary report, and no evidence was produced against him. He complains that he was sanctioned without due process.

### Law and Analysis

**1. Screening**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears

that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

## 2. Loss of Honor Status and Job

Plaintiff complains that he was deprived of his honor prisoner status and residence in the honor dorm (and as a result, his prison job) in violation of the due process clause of the Fourteenth Amendment because he did not receive a disciplinary write-up or hearing. "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995). The federal jurisprudence holds that, while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. See Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Thus, mere changes in the conditions of confinement do not implicate due process concerns. See Madison, 104 F.3d at 768; see also Harper v. Showers, 174 F.3d

3

716, 718 (5th Cir. 1999)("Inmates have no protectable property or liberty interest in custodial classifications."). Plaintiff did not need a disciplinary write-up or hearing in order to be moved from one housing unit to another. He does not have a constitutional right to a particular housing assignment, and he has not alleged that the new assignment imposed an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Likewise, as Plaintiff acknowledged in his administrative remedy form, he does not have a constitutional right to a particular prison job assignment. An inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest. See Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995).

**3.   1997e**

The Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than de minimis, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). In the case sub

4

*judice*, Plaintiff has not alleged any physical injury.

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **denied and dismissed** as frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 5th day of April, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5